IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS AMEISMAIER, | ) | FILED: JANUARY 14, 2009 |
| | ) | 09CV241 |
| Plaintiff, | ) | JUDGE MANNING |
| | ) | MAGISTRATE JUDGE BROWN |
| v. | ) | CH No. |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | JUDGE |
| POLICE OFFICERS L. MARIN, | ) | |
| Star #19521, A. COLINDRES, Star #19764, | ) | |
| S. RONAN, Star #2040, J. SHACKLETON, | ) | |
| Star #17848, and W. JANSEN, Star #14712, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, JULIUS AMEISMAIER, through his attorney, Jared S. Kosoglad, and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS L. MARIN, Star #19521, A. COLINDRES, Star #19764, S. RONAN, Star # 2040, J. SHACKLETON, Star # 17848, and W. JANSEN, Star #14712, states as follows:

### INTRODUCTION

1.  This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. Defendants, CHICAGO POLICE OFFICERS L. MARIN, Star #19521, A. COLINDRES, Star #19764, S. RONAN, Star # 2040, J. SHACKLETON, Star # 17848, and W. JANSEN, Star #14712, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6. On January 15, 2007, Plaintiff Julius Ameismaier was arrested and charged with weapons related offenses.

7. Defendants, without probable cause or any other legal basis, unlawfully searched Plaintiff's home.

8. Defendants removed $10,000 United States currency from Plaintiff's home and Plaintiff's firearm collection.

9. On January 15, 2007, Defendants Marin, Colindres, Ronan, Shackleton, and Jansen conspired and agreed amongst themselves to illegally search the home of Plaintiff and steal United States currency from Plaintiff. In furtherance of this conspiracy, Defendants filled out and filed false and incomplete police reports relative to the search and seizure of Plaintiff's property. The United States currency was not inventoried.

10. As a direct and proximate result of the malicious actions of the co-

conspirators, Plaintiff was injured, including loss of freedom, invasion of privacy, humiliation, the deprivation of hisconstitutional rights and dignity, lost time, lost property, and extreme emotional distress.

### Count I

**Section 1983 Fourth Amendment Violations —Illegal Search and Seizures**

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

11. The searches and seizures of the plaintiff's property performed willfully and wantonly by the Officer Defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

12. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

13. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### Count II

**42 U.S.C. Section 1983 – Conspiracy to Deprive Constitutional Rights**

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

11. As described more fully above, the Defendants reached an agreement amongst

themselves to unlawfully search and seize Plaintiff's property, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

12. In this manner, the Defendant Officers, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

13. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

14. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, an invasion of his privacy, and a deprivation of his liberty, as is more fully alleged above.

15. The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff and others.

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count III

### 42 U.S.C. Section 1983 – Failure to Intervene

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

11. In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the misconduct.

12. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered financial damage, as well as emotional distress, and a deprivation of his liberty, as is more fully described throughout this Complaint.

13. The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff and others.

14. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully herein.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count IV

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

11. The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, the Mayor of Chicago, the City Council, members of the City Council, the aldermen,

the Chicago Police Department, the Chicago Police Board, members of the Chicago Police Board, the Office of Professional Standards, and the Office of the Superintendent, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged Chicago Police Officers to steal United States currency from the citizens of the City of Chicago.

12. The customs, policies, and practices that caused the constitutional violations herein alleged include:

(a) the failure to inventory property by Chicago Police Officers;

(b) the theft of citizens' property by Chicago Police Officers;

(c) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

(d) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

(e) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

(f) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers;

(g) the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

(h) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

(i) the encouragement and propagation of the misconduct complained of in subparagraphs (a)-(k) by stamping official approval on officers' unconstitutional and criminal misconduct through the Office of Professional Standards;

(j) the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss; and

(k) the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the City of Chicago;

13. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

14. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 12 of this Count.

15. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

16. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiff was injured, including injuries resultant from the above detailed

constitutional violations, embarrassment, emotional injuries, mental injuries, psychological injuries, and financial injuries. In addition, the violations proximately caused the plaintiff humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

## Count V

### 745 ILCS 10/9-102

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

11. Defendant City of Chicago is the employer of Defendants Shackleton, Jansen, Ronan, Marin, and Colindres.

19. Defendants Shackleton, Jansen, Ronan, Marin, and Colindres committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants May, Carey, or Carroll be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

Respectfully submitted,

JULIUS AMEISMAIER

By:

\_\_\_\_\_/s\_\_\_\_\_Jared S. Kosoglad_____
                One of Plaintiff's Attorneys

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Jared S. Kosoglad
Civil Rights Center, P.C.
4554 N. Broadway, Suite 325
Chicago, IL 60640
773.907.0940