# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JULIUS AMEISMAIER,              )
                                )
      Plaintiff,           )
                                )    **No. 08 C 6642**
   v.                          )
                                )
CITY OF CHICAGO, and CHICAGO POLICE   )    JUDGE MANNING
OFFICERS L. MARIN, Star #19521, )
A. COLINDRES, Star #19764, S. RONAN,  )
Star #2040, J. SHACKLETON, Star #17848, )
and W. JANSEN, Star #14712,     )    Magistrate Judge Brown
                                )
      Defendants.          )

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer, defenses, and jury demand to Plaintiff's complaint, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs [sic] of rights secured by the Constitution and laws of the United States.

**ANSWER:** Defendant City admits that Plaintiff's complaint has instituted a civil action seeking damages against Defendants for allegedly committing acts under color of law and allegedly depriving Plaintiff of rights secured by the Constitution and laws of the United States but denies any wrong doing.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the Judicial Code, 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER:** Defendant City admits that this Court has jurisdiction over the federal claims in Plaintiff's complaint pursuant to 28 U.S.C., §§ 1331 and 1343 (a) and pendant jurisdiction over Plaintiff's state claim as provided under U.S.C., § 1367(a) but denies the remaining allegations contained in this paragraph.

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Illinois.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendants, CHICAGO POLICE OFFICERS L. MARIN, Star #19521, A. COLINDRES, Star #19764, S. RONAN, Star #2040, J. SHACKLETON, Star #17848, and W. JANSEN, Star #14712, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER:** Defendant City admits that all of the Defendant Officers were, at all times relevant to the occurrences alleged in Plaintiff's complaint, employed as Chicago Police officers, and that Defendant Officers Marin, Colindres, and Ronan were on duty and acted within the course and scope of their employment and under color of at all times relevant to the occurrences alleged in Plaintiff's complaint. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

5. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**ANSWER:** Defendant City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois, and that it is an employer of the Defendant Officers. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph.

## FACTS

6. On January 15, 2007, Plaintiff Julius Ameismaier was arrested and charged with weapons related offenses.

**ANSWER:** Defendant City, upon information and belief and according to Chicago Police Department ("CPD") documents, admits the allegations contained in this paragraph.

7. Defendants, without probable cause or any other legal basis, unlawfully searched Plaintiff's home.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Defendants removed $10,000 United States currency from Plaintiff's home and Plaintiff's firearm collection.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. On January 15, 2007, Defendants Marin, Colindres, Ronan, Schackleton, and Jansen conspired and agreed amongst themselves to illegally search the home of Plaintiff and steal United States currency from Plaintiff. In furtherance of this conspiracy, Defendants filled out and filed false and incomplete police reports relative to the search and seizure of Plaintiff's property. The United States currency was not inventoried.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. As a direct and proximate result of the malicious actions of the co-conspirators, Plaintiff was injured, including loss of freedom, invasion of privacy, humiliation, the deprivation of his constitutional rights and dignity, lost time, lost property, and extreme emotional distress.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## Count I

### Section 1983 Fourth Amendment Violations – Illegal Search and Seizures

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER:** Defendant City reincorporates it answers to paragraphs 1 through 10 as its answer to paragraphs 1-10 of Count I.

11. The searches and seizures of the plaintiff's property performed willfully and wantonly by the Officer Defendants, as described above, individually and in conspiracy with each other, were in violation of plaintiff's rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

## Count II

### 42 U.S.C. Section 1983 – Conspiracy to Deprive Constitutional Rights

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER:** Defendant City reincorporates it answers to paragraphs 1 through 10 as its answer to paragraphs 1-10 of Count II.

11. As described more fully above, the Defendants reached an agreement amongst themselves to unlawfully search and seize Plaintiff's property, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER:** Defendant City denies the allegations contained in this paragraph to the extent that they pertain to the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12. In this manner, the Defendant Officers, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. As a proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, an invasion of his privacy, and a deprivation of his liberty, as is more fully alleged above.

**ANSWER:** Defendant City denies the allegations contained in this paragraph to the extent that they pertain to the City. Defendant City is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph.

15. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

**ANSWER:** Defendant City denies the allegations contained in this paragraph to the extent that they pertain to the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

## Count III

### 42 U.S.C. Section 1983 – Failure to Intervene

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER:** Defendant City reincorporates it answers to paragraphs 1 through 10 as its answer to paragraphs 1-10 of Count III.

11. In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the misconduct.

**ANSWER:** Defendant City denies the allegations contained in this paragraph to the extent that they pertain to the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12. As a result of the Defendant Officers' failure to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered financial damage, as well as emotional distress, and a deprivation of his liberty, as is more fully described throughout this complaint.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

**ANSWER:** Defendant City denies the allegations contained in this paragraph to the extent that they pertain to the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

14. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully herein.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

## Count IV

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER:** Defendant City reincorporates it answers to paragraphs 1 through 10 as its answer to paragraphs 1-10 of Count IV.

11. The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, the Mayor of Chicago, the City Council, members of the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board, members of the Chicago Police Board, the Office of Professional Standards, and the Office of the Superintendent, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged Chicago Police Officers to steal United States currency from the citizens of the City of Chicago.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

12. The customs, policies, and practices that caused the constitutional violations herein alleged include:

(a) the failure to inventory property by Chicago Police Officers;

(b) the theft of citizens' property by Chicago Police Officers;

(c) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

(d) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

(e) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

(f) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers;

(g) the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

(h) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

(I) the encouragement and propagation of the misconduct complained of in subparagraphs (a)-(k) by stamping official approval on officers' unconstitutional and criminal misconduct through the Office of Professional Standards;

(j) the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss; and

(k) the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the City of Chicago.

**ANSWER:** Defendant City denies the allegations contained in this paragraph and all of its sub-paragraphs.

13. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

14. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 12 of this Count.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

15. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

16. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiff was injured, including injuries resultant from the above detailed constitutional violations, embarrassment, emotional injuries, mental injuries, psychological injuries, and financial injuries. In addition, the violations proximately caused the plaintiff humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

## Count V

### 745 ILCS 10/9-102

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER:** Defendant City reincorporates it answers to paragraphs 1 through 10 as its answer to paragraphs 1-10 of Count V.

11. Defendant City of Chicago is the employer of Defendants Shackleton, Jansen, Ronan, Marin, and Colindres.

**ANSWER:** Defendant City admits that it is an employer of the Defendant Officers. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

19. [sic] Defendants Shackleton, Jansen, Ronan, Marin, and Colindres committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:** Defendant City admits that at all times relevant to the occurrences alleged in Plaintiff's complaint, Defendant Officers Marin, Colindres, and Ronan acted under color of law and within the scope of their employment as employees of the City. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's complaint, award Defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (1994).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (1994).

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

4. To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. See <u>Poole v. City of Rolling Meadows</u>, 167 Ill. 2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

5. To the extent that Plaintiffs failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

6. Under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978), Defendant City is not liable under Section 1983 for its employees' misconduct.

**JURY DEMAND**

Defendant City of Chicago respectfully requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel
City of Chicago

By: <u>/s/ Thomas J. Aumann</u>
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602

11

(312) 744-7630 (Phone)
(312) 744-3989 (Fax)
Attorney No.  06282455

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS AMEISMAIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **No. 08 C 6642** |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, and CHICAGO POLICE | ) | JUDGE MANNING |
| OFFICERS L. MARIN, Star #19521, | ) | |
| A. COLINDRES, Star #19764, S. RONAN, | ) | |
| Star #2040, J. SHACKLETON, Star #17848, | ) | |
| and W. JANSEN, Star #14712, | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:     Jared Kosoglad                      Shneur Nathan
      Civil Rights Center, P.C.            Assistant Corporation Counsel
      4554 North Broadway              30 North LaSalle Street
      Suite 325                                  Suite 1400
      Chicago, Illinois 60640              Chicago, Illinois 60602
      jared@jaredlaw.com               Shneur.Nathan@cityofchicago.org

      **PLEASE TAKE NOTICE** that on this 13th day of March, 2009, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

      I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the above persons at the above listed e-mail addresses this 13th day of March, 2009.

                                                                 /s/ Thomas J. Aumann
                                                                  THOMAS J. AUMANN
                                                                  Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street

Suite 1020
Chicago, Illinois  60602
Attorney No. 06282455