UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS AMEISMAIER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 241 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | |
| POLICE OFFICERS L. MARIN, Star | ) | Magistrate Judge Brown |
| #19521, A. COLINDRES, Star #19764, | ) | |
| S. RONAN, Star #2040, J. SHACKLETON, | ) | |
| Star #17848, and W. JANSEN, Star #14712 | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants L. Marin, A. Colindres, S. Ronan, J. Shackleton, and W. Jansen (herein "Individual Defendants"), by one of their attorneys, Shneur Nathan, Assistant Corporation Counsel for the City of Chicago, hereby submit their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint.

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

**ANSWER:** **Individual Defendants admit that this action purports to seek the above relief but deny that the United States Constitution provides Plaintiff with a direct cause of action.**

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER:** **Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

**ANSWER: Individual Defendants lack sufficient knowledge or information to form a belief as to the citizenship status of Plaintiff or his current residence.**

4. Defendants, CHICAGO POLICE OFFICERS L. MARIN, Star #19521, A. COLINDRES, Star #19764, S. RONAN, Star #2040, J. SHACKLETON, Star# 17848, and W. JANSEN, Star #14712, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER: Individual Defendants deny committing any wrongdoing but admit the remaining allegations set forth in the above paragraph.**

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**ANSWER: Individual Defendants admit the allegations set forth in the above paragraph.**

## FACTS

6. On January 15, 2007, Plaintiff Julius Ameismaier was arrested and charged with weapons related offenses.

**ANSWER: Individual Defendants admit the allegations set forth in the above paragraph.**

7. Defendants, without probable cause or any other legal basis, unlawfully searched Plaintiff's home.

**ANSWER: Individual Defendants deny the allegations set forth in the above paragraph.**

8. Defendants removed $10,000 United States currency from Plaintiff's home and Plaintiff's firearm collection.

**ANSWER:** **Individual Defendants admit that a number of firearms were seized and inventoried but deny the remaining allegations set forth in the above paragraph.**

9. On January 15, 2007, Defendants Marin, Colindres, Ronan, Shackleton, and Jansen conspired and agreed amongst themselves to illegally search the home of Plaintiff and steal United States currency from Plaintiff. In furtherance of this conspiracy, Defendants filled out and filed false and incomplete police reports relative to the search and seizure of Plaintiff's property. The United States currency was not inventoried.

**ANSWER:** **Individual Defendants deny that any United States currency was taken and therefore admit that no United States currency was inventoried. Individual Defendants deny the remaining allegations set forth in the above paragraph and further deny any wrongdoing.**

10. As a direct and proximate result of the malicious actions of the conspirators, Plaintiff was injured, including loss of freedom, invasion of privacy, humiliation, the deprivation of his constitutional rights and dignity, lost time, lost property, and extreme emotional distress.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

**Count I**
**Section 1983 Fourth Amendment Violations —Illegal Search and Seizures**

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER:** **Individual Defendants reassert their answers contained in paragraphs 1-10 and incorporate those answers herein, as if fully stated.**

11. The searches and seizures of the plaintiff's property performed willfully and wantonly by the Officer Defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

12. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the

violations proximately caused the plaintiff mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

13. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

## Count II
### 42 U.S.C. Section 1983 - Conspiracy to Deprive Constitutional Rights

1-10 Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER:** **Individual Defendants reassert their answers contained in paragraphs 1-10 and incorporate those answers herein, as if fully stated.**

11. As described more fully above, the Defendants reached an agreement amongst themselves to unlawfully search and seize Plaintiff's property, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

12. In this manner, the Defendant Officers, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

13. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

   **ANSWER:**  **Individual Defendants deny the allegations set forth in the above paragraph.**

  14.  As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and anguish, an invasion of his privacy, and a deprivation of his liberty, as is more fully alleged above.

   **ANSWER:**  **Individual Defendants deny the allegations set forth in the above paragraph.**

  15.  The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff and others.

   **ANSWER:**  **Individual Defendants deny the allegations set forth in the above paragraph.**

  16.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

   **ANSWER:**  **Individual Defendants deny the allegations set forth in the above paragraph.**

### Count III – 42 U.S.C. Section 1983 Claim —Failure to Intervene

  1-10.  Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

   **ANSWER:**  **Individual Defendants reassert their answers contained in paragraphs 1-10 and incorporate those answers herein, as if fully stated.**

  11.  In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the misconduct.

   **ANSWER:**  **Individual Defendants deny any wrongdoing and therefore deny the allegations set forth in the above paragraph.**

12. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered financial damage, as well as emotional distress, and a deprivation of his liberty, as is more fully described throughout this Complaint.

**ANSWER: Individual Defendants deny any wrongdoing and therefore deny the allegations set forth in the above paragraph.**

13. The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of plaintiff and others.

**ANSWER: Individual Defendants deny any wrongdoing and therefore deny the allegations set forth in the above paragraph.**

14. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully herein.

**ANSWER: Individual Defendants deny the allegations set forth in the above paragraph.**

## Count IV
### 42 U.S.C. Section 1983 Claim - *Monell* Claim Against City of Chicago

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER: Individual Defendants reassert their answers contained in paragraphs 1-10 and incorporate those answers herein, as if fully stated.**

11. The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, the Mayor of Chicago, the City Council, members of the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board, members of the Chicago Police Board, the Office of Professional Standards, and the Office of the Superintendent, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged Chicago Police Officers to steal United States currency from the citizens of the City of Chicago.

**ANSWER: Individual Defendants make no answer to the paragraph set forth above because it is not directed toward them. To the extent that an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

12. The customs, policies, and practices that caused the constitutional violations herein alleged include:

(a) the failure to inventory property by Chicago Police Officers;
(b) the theft of citizens' property by Chicago Police Officers;
(c) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;
(d) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;
(e) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;
(f) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers;
(g) the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;
(h) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;
(i) the encouragement and propagation of the misconduct complained of in subparagraphs (a)-(k) by stamping official approval on officers' unconstitutional and criminal misconduct through the Office of Professional Standards;
(j) the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss; and
(k) the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the City of Chicago;

**ANSWER: Individual Defendants make no answer to the paragraph set forth above because it is not directed toward them. To the extent that an answer is required, Individual Defendants deny the allegations set forth in the above paragraph and its subparts.**

13. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

**ANSWER:** **Individual Defendants make no answer to the paragraph set forth above because it is not directed toward them. To the extent that an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

14. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 12 of this Count.

**ANSWER:** **Individual Defendants make no answer to the paragraph set forth above because it is not directed toward them. To the extent that an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

15. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

**ANSWER:** **Individual Defendants make no answer to the paragraph set forth above because it is not directed toward them. To the extent that an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

16. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiff was injured, including injuries resultant from the above detailed constitutional violations, embarrassment, emotional injuries, mental injuries, psychological injuries, and financial injuries. In addition, the violations proximately caused the plaintiff humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

**ANSWER:** **Individual Defendants make no answer to the paragraph set forth above because it is not directed toward them. To the extent that an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

### Count V 745 ILCS 10/9-102

1-10. Plaintiff realleges paragraphs 1 through 10 above, as if fully set forth here.

**ANSWER:** **Individual Defendants reassert their answers contained in paragraphs 1-10 and incorporate those answers herein, as if fully stated.**

11. Defendant City of Chicago is the employer of Defendants Shackleton, Jansen, Ronan, Marin, and Colindres.

**ANSWER:** **Individual Defendants admit the allegations set forth in the above paragraph.**

19. (sic) Defendants Shackleton, Jansen, Ronan, Marin, and Colindres committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:** **Individual defendants admit that at all relevant times they were acting under color of law and in the scope of their employment but deny any wrongdoing.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to all counts of Plaintiff's Complaint, and grant any other relief this Court deems appropriate.**

## AFFIRMATIVE DEFENSES

1. Individual Defendants are entitled to qualified immunity. Individual Defendants are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed his actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

2. To the extent that Plaintiff has alleged any state law claims, those claims are barred by the statute of limitations.

3. Punitive damages under section 1983 violate due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and are void for vagueness for failing to specify (1) what sort of conduct gives rise to liability for such damages, and (2) the maximum fine.

## JURY DEMAND

**Individual Defendants demand trial by jury for all issues so triable.**

DATED:  March 26, 2009

Respectfully submitted,

Defendnts Shackleton, Jansen, Ronan, Marin, and Colindres

By: /s/    Shneur Nathan
SHNEUR NATHAN
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (Fax)
Atty. No. 06294495

## CERTIFICATE OF SERVICE

I, Shneur Nathan, an attorney, hereby certify that on March 26, 2009, I caused Individual Defendants' Joint Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint to be served upon all counsel of record by filing the same before the Court via the ECF system.

/s/ Shneur Nathan
Shneur Nathan